. CLARK v. PIDCOCK.

(Circuit Court of Appeals, Third Circuit. May 2, 1904.)

No. 27.

1. BANKRUPTCY—CIRCUIT COURTS OF APPEAL—JURISDICTION—PETITION FOR REVIEW.

Under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], providing that the several Circuit Courts of Appeal shall have jurisdiction in equity to revise in matters of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction, which power shall be exercised on due notice and petition by the party aggrieved, where, after a bankrupt's estate has been closed without appointment of a trustee for the reason that the schedule showed no assets, an assignee of a judgment creditor who alone proved his claim applied to have the estate opened on the ground that the bankrupt had assets which he had fraudulently conveyed, on which petition the court discharged a restraining order and refused an injunction to prevent a further transfer of the assets, but appointed a trustee, such petitioner was a party aggrieved, and was therefore entitled to prosecute a petition for review of such order.

2. SAME—TRUSTEES—APPOINTMENT.

Where, at the first meeting of creditors of a bankrupt, called by the referee on November 21, 1899, no creditors were present and no trustee was appointed, and petitioner's assignor was the only creditor who proved his debt, it appearing that there were no assets, and on January 28, 1902, the referee made his final report, reciting that the bankrupt's estate had been fully administered so far as it had been referred to him, and that it was closed, the fact that more than a year elapsed thereafter before such creditor's petition for the appointment of a trustee was filed, which showed that the bankrupt had died leaving assets fraudulently transferred, did not deprive the court of jurisdiction to open the proceedings and appoint a trustee under Bankr. Act July 1, 1898, c. 541, §

---

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

44, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438], providing that, if creditors of a bankrupt shall not appoint a trustee at their first meeting the court shall do so.

Appeal from the District Court of the United States for the District of New Jersey.

George H. Large, for appellant.

R. L. Lawrence, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. The petition in this case was filed under section 24b of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), and seeks the revision in matter of law of an order appointing a trustee in bankruptcy, made by the District Court of the United States for the District of New Jersey, on the 13th day of April, 1903, in the matter of James N. Pidcock, bankrupt.

James N. Pidcock was adjudicated a bankrupt on October 27, 1899, on the filing of his petition in voluntary bankruptcy. The said petition and the schedules filed therewith under oath, show no assets, but debts amounting to upwards of $300,000.

On the 31st day of October, 1899, an order of reference was made to one of the referees in bankruptcy, who, on the 6th day of November, A. D. 1899, called the first meeting of the creditors of the said James N. Pidcock, bankrupt as aforesaid, to be held in Flemington, N. J., on the 21st day of November, 1899. At the said time and place, the first meeting of creditors was held by the referee, and no creditor appearing or being represented thereat, the referee ordered "that no trustee of the estate of the said James N. Pidcock, bankrupt as aforesaid, be appointed."

In the list of creditors of the said bankrupt, as shown in the schedules filed by him, as aforesaid, is the name of Daniel W. Kleinhaus, for the sum of $329.97, the amount of a certain judgment recovered by said Kleinhaus against said Pidcock. On the 5th day of December, 1899, the said Kleinhaus duly filed his proof of claim against the estate of the said bankrupt with the referee, and the same was allowed and is now on file with the papers in the case.

On or about the 17th day of December, A. D. 1899, the said Pidcock, bankrupt as aforesaid, died, without having filed his petition for a discharge in bankruptcy, and on the 2d of February, 1903, letters of administration were granted unto Harriet G. Pidcock, widow of the said James N. Pidcock, deceased, by the surrogate.

On July 9, 1900, the referee made the following certificate:

"I hereby certify that said Pidcock was adjudged a bankrupt on the 27th day of October, 1899.

That the schedules filed herein disclose no assets, nor have any assets come to the hands of the trustee.

That I have rendered all the services required to be rendered to the present time.

That this matter has been closed so far as the payment of fees is concerned under the authority of rule 18 of this court.

Dated July 9th, 1900.                    Frederick W. Leonard,
                                         Referee in Bankruptcy."

On January 28, 1902, the said referee made the following report:

"In the District Court of the United States, for the District of New Jersey. In the Matter of James N. Pidcock, Bankrupt. In Bankruptcy.

I, Frederick W. Leonard, referee in bankruptcy in charge of this matter, do hereby make my final report as follows: The estate of said bankrupt has been fully administered to my satisfaction, and so far as the same has been referred to me it has been closed.

I herewith file my book of record of proceedings herein and all papers filed with me.

Dated Newark, N. J., January 28th, 1902.

Respectfully submitted,                    Frederick W. Leonard,
                                              Referee in Bankruptcy."

On March 31, 1903, the petition of one Harrison P. Lindabury was filed in the District Court, in which the petitioner, after stating the foregoing facts, all of which appear of record, further states that by a certain deed of assignment bearing date the 11th day of March, A. D. 1903, made and executed by the said Daniel W. Kleinhaus, the judgment recovered by the said Daniel W. Kleinhaus against the said James N. Pidcock, bankrupt as aforesaid, was assigned and transferred unto the petitioner, who now holds the same and offers to produce the same whenever required so to do; that by said deed of assignment, the said petitioner became subrogated to all the rights and privileges of the said Kleinhaus against the estate of the said bankrupt "acquired by virtue of the proof of claim filed by the said Kleinhaus, as above recited, or otherwise"; that no part of the said judgment has ever been paid to the said Kleinhaus, or to the petitioner, but that the whole of said sum, with interest thereon from February 20, 1894, still remains due and unpaid and owing to the said petitioner from the estate of the said bankrupt, as aforesaid.

The petitioner then states that by the schedules filed by the said bankrupt, it appears that the total liabilities of the said bankrupt amounted to the sum of $373,537.01, and that the said bankrupt had no property or assets of any kind or description. The petitioner, then, upon information and belief, states that the petition and schedules filed in the District Court, as aforesaid, by the said bankrupt, did not truly represent the property and assets of the said bankrupt, "but that they were and are false, fraudulent and misleading," and were made and filed by said bankrupt with the intent to defraud his creditors.

The petitioner then proceeds to set out and specifically describe various properties, choses in action, bonds, stocks, and securities, which the said bankrupt has, he avers, "falsely, fraudulently and willfully concealed and withheld from the said petition and schedules filed as aforesaid, with the intent and for the purpose of defrauding his creditors," and further, that the said bankrupt conveyed his property to his three sons and a daughter, who, with others, are charged with the intent to conceal the same from his creditors, and in fraud of the bankrupt law. These alleged fraudulent transactions are set out specifically and in detail, and affidavits tending to support the same are filed with the said petition.

The petition further alleges that the said Kleinhaus never knew of the fraudulent practices and perjuries alleged to have been committed by the said Pidcock, and that he had no knowledge which would lead him

to suspect them, and the petitioner charges and avers that such information had recently, within the then past few weeks, come to his knowledge, and that neither he nor Kleinhaus had been guilty of any laches or undue delay in filing the said petition, having moved therein as soon as the counsel could prepare the proper moving papers and affidavits.

The petition then concludes as follows:

"That this matter should, therefore, the premises considered, be reopened and the said adjudication set aside and for nothing holden if it shall be made to appear that the said James N. Pidcock, bankrupt as aforesaid, was not insolvent, or be re-referred to one of the referees of this honorable court if it shall be made to appear that the said James N. Pidcock, bankrupt as aforesaid, had assets and property which he fraudulently concealed and withheld from the petition and schedules filed by him as aforesaid, to the end that a trustee or trustees of the estate of the said James N. Pidcock, bankrupt as aforesaid, may be appointed, and the said estate administered as contemplated by the statutes in such case made and provided:

Your petitioner, therefore, humbly prays, that an order may be made by this honorable court reopening this matter, and that it be re-referred to one of the referees in bankruptcy of this honorable court to take such action as he may be advised the exigencies of the matter require and as may meet the requirements of equity and good conscience, and that your petitioner may have such other and further relief as this honorable court may deem proper and advisable."

Then follows a prayer for a rule commanding that James N. Pidcock, Jr., and the other sons and daughter of the bankrupt, together with his widow, as administratrix, the First National Bank of Jersey City, the Merchants' Trust Company of the City of New York, and George E. Fisher and Ezra M. Tuttle, appear upon a day certain, and show cause why a restraining order and injunction thereafter prayed for should not be made permanent until the further order of the court.

The petitioner then prays that a restraining order and an injunction may issue, restraining the parties and each of them, their officers, agents and attorneys, servants and assigns, from making any gift, sale or transfer or other disposition of the said stocks, bonds, securities and choses in action, so held by the First National Bank of Jersey City, until the further order of the court.

Upon the reading of the petition, and the affidavits thereunto annexed in support thereof, a restraining order was issued by the court below, March 31, 1903, as prayed for, until the hearing and decision of the order, whereby the parties named in said petition were, on the 13th day of April, 1903, ordered to show cause why the said restraining order should not be continued by a writ of injunction duly issued by the said court.

To this petition, on the said 13th day of April, 1903, an answer was duly filed by the solicitor of the respondents, together with their affidavits annexed thereto, denying all the allegations of fraud and misconduct on the part of the said Pidcock, deceased, bankrupt as aforesaid, or by the respondents. On the said 13th day of April, 1903, the rule to show cause coming on to be heard in the presence of the petitioners and their solicitors, and the respondents and their solicitors, and the petition, answers and affidavits of the respondents being read and filed, and counsel having been heard, it was ordered that the restrain-

ing order be discharged, and that the injunction therein mentioned be refused.

It also appears by the record that on the same day, a separate order was made and filed in the court below, which reads as follows:

"United States District Court, District of New Jersey.

In the Matter of James N. Pidcock, Bankrupt. In Bankruptcy. Order Appointing Trustee.

(Filed April 13, 1903.)

Application being made to the court by Harrison P. Lindabury, a judgment creditor of the said James N. Pidcock's estate, for the appointment of a trustee in the above stated matter.

It is therefore, on this thirteenth day of April, A. D. nineteen hundred and three, on motion of Elmer King, attorney of the petitioner, ordered that John M. Mills, Esq., of Morris county, New Jersey, be and he hereby is appointed trustee of the above-named bankrupt, and that the penal sum of his bond be one hundred dollars. And it is further ordered that said trustee forthwith give notice to all the creditors of the above-named bankrupt of his said appointment. Andrew Kirkpatrick, Judge."

Section 24b of the bankrupt act provides as follows:

"The several Circuit Courts of Appeal shall have jurisdiction in equity, * * * to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

The appellees contend that this court is without jurisdiction to entertain this appeal, on the ground that the petitioner here cannot be considered a party aggrieved, within the meaning of this provision of the act. We are disposed, however, to give liberal construction to the language used here, and a doubt in regard to the same should be resolved in favor of the petitioner. The petitioner who invokes our jurisdiction under this section, was a judgment creditor of the bankrupt, and so scheduled by him in his bankruptcy petition. Whether he may or may not hereafter be allowed to prove his claim, he has an interest as a general creditor in the estate of the bankrupt.

Entertaining jurisdiction, however, we think the court below had authority under section 44 of the bankrupt act (30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) and rule 15 of the general orders in bankruptcy (89 Fed. vii, 32 C. C. A. xviii) to make the appointment of trustee here complained of. At the first meeting of creditors called by the referee, on the 21st day of November, 1899, it appears by the record that no creditors were present, and no trustee was appointed, and that but one creditor, to wit, the said Daniel W. Kleinhaus, has proved his debt, and that the schedule of the bankrupt disclosed no assets, and that it was ordered by the referee that "until further order of the court, no trustee be appointed and no other meeting of the creditors be called."

On the 28th day of January, 1902, the referee made the final report above recited, that "the estate of the bankrupt has been fully administered to my satisfaction, and so far as the same has been referred to me, it has been closed, and I herewith file my book of record of proceedings herein, and all papers filed with me."

It is true that from this date to March, 1903, when Lindabury filed his petition in the court below, a period of more than one year, no fur-

ther proceeding was had. The estate, however, was not technically closed, because there was no final meeting of creditors or discharge of a trustee upon the settlement of his accounts. The petition of Lindabury, as it appears in the record and above referred to, must, therefore, be taken as a moving of the court to exercise its jurisdiction under section 44 of the bankrupt act, which provides that "creditors of a bankrupt estate shall, at their first meeting after their adjudication * * * appoint one trustee or three trustees of such estate. If the creditors do not appoint a trustee or trustees, as herein provided, the court shall do so." We do not see that any lapse of time, or at all events the time elapsed in the present case, can have the effect of taking away this discretion to appoint a trustee, conferred by the section quoted upon a court in bankruptcy. The record contains no opinion by the judge from which we can inform ourselves as to the reasons operating upon his mind in making the order appointing the trustee, but, in the absence of anything in the record to impeach the exercise of his discretion, we are not at liberty to question the same. There was but one creditor whose claim had been proved, and who was entitled to notice of such appointment, and it was upon that creditor's petition that the appointment of the trustee was made. We do not think that the fifteenth general order in bankruptcy was framed under any view of the meaning of section 44 inconsistent with the action taken by the court below. In fact, its reasonable interpretation would seem to authorize the view here taken, of the authority of the court in the premises.

The petition to this court is therefore dismissed.