In re LEVY. *

(District Court, E. D. Pennsylvania. June 28, 1919.)

No. 6094.

1. BANKRUPTCY &#9758;136(2)—CONCEALED ASSETS—PETITION OF TRUSTEE.

Petition of trustee, alleging that at the time of the filing of the petition in bankruptcy a certain sum was due, owing, and unpaid to bankrupt by a corporation, but alleging no facts, and supported by no evidence warranting inference that bankrupt has ever had the money in his possession or under his control, is insufficient to sustain an order on him to pay it over as a concealed asset.

2. BANKRUPTCY &#9758;372—REOPENING CLOSED ESTATE—COLLECTING UNADMINISTERED ASSETS—PROCEDURE.

The reopening of the closed bankrupt estate being limited to purposes of administration, as expressly declared by the judge on denial of petition to vacate the reopening order, the power of the referee is confined to such procedure as will enable the trustee to collect and distribute unadministered assets, which includes authority to proceed by plenary suit, but not by summary order on the bankrupt.

In Bankruptcy. In the matter of Abraham Levy, individually and trading as A. Levy & Co., bankrupt. On certificate of review of order of referee. Exceptions sustained, and order reversed.

See, also, 259 Fed. 314.

Rose & Fischer, of Philadelphia, Pa., for trustee.

Maurice J. Speiser and Jacob Weinstein, both of Philadelphia, Pa., opposed.

THOMPSON, District Judge. The order certified for review directs the bankrupt to pay over to the trustee the sum of $4,867.75 within 10 days from its date. The order was based upon a petition of the trustee and a rule upon the bankrupt to show cause. The petition, in so far as it relates to the amount in controversy, avers concealment by the bankrupt of an asset of his estate not included in his schedules, consisting of an annual bonus for the years 1915, 1916, and 1917, consisting of a percentage of the net profits of the business of the Standard Jobbing Company, of which he was president. There is no averment that the bonus has ever been received by the bankrupt, but it is averred that he "was to receive" or "was entitled to" it.

It is averred "that at the time of filing of the petition in bankruptcy the said sum of $4,867.75 was still due, owing, and unpaid to the said Abraham Levy." The answer admits the averments as to bonus, but avers "that the bonus or percentage of the net profits mentioned were not to be taken or received by the said Abraham Levy as the sole or exclusive property of the said Abraham Levy, nor was the said Abraham Levy to receive any beneficial interest therein, but, on the contrary, was to receive the same for and on behalf of Dora Levy, his wife, who was beneficially and equitably entitled thereto, and not otherwise," and repeats substantially similar statements.

The referee, upon the ground that the answer set forth conclusions in relation to the beneficial interest of the wife and the bankrupt's trust

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Order vacated and set aside on petition for reargument 261 Fed. —.

relations concerning the bonus, and did not set forth facts upon which the conclusions were based which would establish an equitable right to the bonus in his wife, and after giving the bankrupt an opportunity to amend his answer, which was not done, made the rule absolute, because the answer did not set up a sufficient defense, and entered the order referred to upon the bankrupt.

[1] It is apparent that the referee was right in holding that the answer set up conclusions, and not facts, in relation to the wife's right to the annual bonus. The petition, however, nowhere avers that the amounts of bonus have been received by the bankrupt, or are or ever have been in his possession or under his control. The petition does not even aver sufficient facts to warrant an inference that the bankrupt has ever had the amount for which the order was made in his possession or under his control. The drawer of the petition seems to have carefully avoided any fact from which either possession or control may be inferred. On the other hand, it is unequivocally stated that at the time of the filing of the petition in bankruptcy the said sum of $4,-867.75 was still due, owing, and unpaid to the bankrupt. In order to sustain an order upon the bankrupt to pay, the petition, unsupported by any averment or proof of possession or control, is, in my opinion, insufficient, assuming that the court or referee has jurisdiction.

[2] The bankrupt has set up in his answer a challenge to the jurisdiction to enter a summary order upon him to pay, upon the ground that on August 29, 1917, he was duly discharged as a bankrupt, and that upon his discharge he was no longer subject to the orders of the court or the referee. The record shows that on April 4, 1919, the petition of a creditor was filed, averring the concealment of assets by the bankrupt, and praying that a decree be entered to reopen the cause. Upon this petition, without notice to the bankrupt, as averred by him, an order was entered, reopening the cause, referring the matter to the referee, and ordering that the bankrupt attend before the referee and submit himself to such orders as may be made by the referee or by the court relating to his bankruptcy. Thereafter, on April 21, 1919, the bankrupt, appearing specially by counsel, filed a petition to vacate the order, and not admitting or conceding the jurisdiction, but expressly contesting and objecting thereto, denied the allegations of the petition upon which the order was entered. In denying the prayer of the petition to vacate the order to reopen, Judge Dickinson, in an opinion filed May 1, 1919 (259 Fed. 314), used the following language:

"The order now asked to be vacated was made under clause 8 of section 2 of the Bankruptcy Act (Comp. St. § 9586), which empowers the court, in the exercise of the jurisdiction conferred upon it as a court of bankruptcy, to reopen closed estates 'whenever it appears they were closed before being fully administered.' The finding upon which the order was predicated was that unadministered assets of the estate had come to light. * * * As the order to reopen is limited to distribution purposes, it in no way affects the bankrupt.

"The prayer of the petition to vacate is denied."

Under the express terms of Judge Dickinson's opinion, therefore, the reopening of the case was limited to purposes of administration. Under that limitation, the power of the referee is confined to such procedure as will enable the trustee to collect and distribute unadminis-

tered assets. That would include authority to proceed by plenary suit, but not by summary order upon the bankrupt. Inasmuch as the denial of the petition to vacate was predicated expressly upon the grounds stated in Judge Dickinson's opinion, the present case may be disposed of without the expression of an opinion as to the effect generally of a discharge upon the power of the court in a reopened case to enter and enforce a summary order, after full opportunity given to the discharged bankrupt to appear and contest the reopening.

The exceptions to the order of the referee are sustained, and the order reversed.