In re LEVY.

(District Court, E. D. Pennsylvania. November 5, 1919.)

No. 6094.

1. **BANKRUPTCY** ⊚⇒228—REVIEW OF REFEREE'S ORDER; PAPERS CONSIDERED ON REARGUMENT.

On reargument on certificate for review of order of referee, an amended petition not before the referee cannot be considered.

2. **BANKRUPTCY** ⊚⇒372—CLOSING OF ESTATE; FINAL MEETING OF CREDITORS.

The estate is not technically closed, notwithstanding the referee's declaration of closing; there having been no final meeting of creditors on notice, as provided by Bankruptcy Act, §§ 55f, 58 (Comp. St. §§ 9639, 9642).

3. **BANKRUPTCY** ⊚⇒372—VOID DECLARATION OF CLOSING ESTATE; ORDER OF REOPENING TO COLLECT ASSETS.

Bankrupt's estate, not being technically closed, because of no final meeting of creditors, notwithstanding referee's declaration of closing, is still open on the original reference for collection of assets and administration, and order to reopen is superfluous.

4. **BANKRUPTCY** ⊚⇒418(1)—POWER OF BANKRUPTCY COURT OVER CONCEALED ASSETS AFTER DISCHARGE.

The estate not having been technically closed, though bankrupt has been discharged, with the effect, under Bankruptcy Act, §§ 1, 17 (Comp. St. §§ 9585, 9601), of releasing him from his provable debts, notwithstanding lapse of the time limited by sections 15 and 29d (sections 9599, 9613) for revoking his discharge and prosecuting him for concealing assets of the estate, the power of the bankruptcy court under section 2(7), being section 9586, to collect assets concealed by bankrupt and others, title to which was under sections 21e and 70 (sections 9605, 9654) vested in the trustee by the adjudication, continues and may be exercised by summary proceedings, with appropriate process.

On petition for reargument and leave to amend petition for order on bankrupt. Order of reversal vacated and leave to amend granted.
For former opinion, see 259 Fed. 316.
See, also, 259 Fed. 314.

Edwin Fischer, of Philadelphia, Pa., for petitioner.
Maurice J. Speiser and Jacob I. Weinstein, both of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The bankrupt on July 13, 1917, filed his petition for discharge. The certificate of the referee in proper form having been filed, certifying conformity by the bankrupt with the requirements of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544), and there being no objection thereto, the bankrupt was, on August 29, 1917, duly discharged. The certified record of the proceedings before the referee was filed February 4, 1918, together with the referee's certificate that the case was closed. Upon the petition of Wick Narrow Fabric Company, a creditor, averring that the bankrupt had concealed assets from the trustee, the court, on April 4, 1919, ordered that the case be reopened.

The bankrupt having, on April 21, 1919, filed a petition to vacate, annul, and set aside the order reopening the case upon the ground of

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

want of notice, the prayer of that petition was denied on May 1, 1919. See Judge Dickinson's opinion, In re Levy (D. C.) 259 Fed. 314.

The case upon reopening having been referred to Edward F. Hoffman, Esq., the referee, upon the petition of the trustee, entered an order upon the bankrupt to pay over to the trustee the sum of $4,867.75. Upon certificate for review of that order, the court, on June 28, 1919, filed an opinion (In re Levy [D. C.] 259 Fed. 316), reversing the referee's order, citing Judge Dickinson's opinion of May 1, 1919, supra, to the effect that the reopening of the case was limited to distribution purposes and in no way affected the bankrupt, and holding that the petition for an order to pay was insufficient in that it did not aver possession or control by the bankrupt of the fund in controversy.

On July 17, 1919, the trustee filed the present petition setting out that upon further investigation of the proceedings, it appears that the referee closed the case without calling or holding a final meeting of the creditors, which, it is contended, renders the action of the referee in declaring the case closed, void and of no effect as not in conformity with section 55f of the Bankruptcy Act, which provides:

"Whenever the affairs of the estate are ready to be closed a final meeting of creditors shall be ordered"

—and section 58, which provides:

"Creditors shall have at least ten days' notice * * * all meetings of creditors."

The petition also contains an averment that the trustee has information which will enable him to state what sums were received by the bankrupt and what sums are still owing to him by the Standard Jobbing Company.

The application of the trustee is for a reargument, and for a review of the opinion of the court reversing the order of the referee, and for leave to file an amended petition for an order on the bankrupt to pay.

[1] What was before the court for consideration as a basis of the opinion of June 28, 1919, was contained in the certificate for review, and upon reargument the court could not consider an amended petition not before the referee.

The petition, however, does raise two questions for consideration: (1) Whether the declaration of the closing of the estate by the referee without a final meeting of creditors upon ten days' notice is void and of no effect; and (2) whether the trustee should be allowed to file an amended petition for an order of the referee upon the bankrupt to pay, based upon allegations of money in the possession or control of the bankrupt which he has not turned over to his trustee, but has concealed.

[2, 3] Under the authority of Clark v. Pidcock, 12 Am. Bankr. Rep. 309, 129 Fed. 745, 64 C. C. A. 273, the petition and an inspection of the record have made it apparent that the estate has never been technically closed in accordance with the provisions of the Bankruptcy Act. That being so, the estate is still open upon the original reference to the referee for collection of assets and administration and the order of April 4, 1919, to reopen the estate is merely a superfluity.

[4] The question whether the trustee should have leave to file an amended petition before the referee depends upon whether the estate never having been technically closed, the referee, after the bankrupt's discharge, has jurisdiction in a summary proceeding to make an order upon the bankrupt or upon the Standard Jobbing Company to pay over the sums in their possession or control belonging to the bankrupt estate, for it would be of no avail otherwise to proceed further.

It must be determined therefore whether the discharge of the bankrupt has any other effect than that included within the definition of section 1, or that declared by section 17 of the Bankruptcy Act. The definition in section 1 (12) is:

" 'Discharge' shall mean the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act."

Section 17, as amended March 2, 1917 (39 Stat. 999, c. 1 [Comp. St. 1918, § 9601]), provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as are therein mentioned.

Nowhere in the Bankruptcy Act is there any express limitation upon the power of the court to make and enforce an order upon a bankrupt to pay over money or to turn over other assets which are in his possession or control, while the estate remains open.

For fraudulent concealment of assets from the trustee before discharge, he is subject to the penalty of refusal of his discharge (section 14 [4], being Comp. St. § 9598) and, after discharge to revocation of the discharge if applied for within one year (section 15). This period had elapsed before the petition to reopen the estate was filed and presumably before the trustee had knowledge of the alleged concealment.

Section 29b (1) prescribes punishment by imprisonment for concealing while a bankrupt or after his discharge from his trustee any of the property belonging to his estate in bankruptcy subject to the limitation in paragraph (d), by which criminal proceedings are barred.

Does the fact that the bankrupt has been discharged from his debts, and that the court has no longer power to revoke the discharge, and that criminal prosecution is barred, exempt him from the jurisdiction of the court through summary proceedings to order him to pay over money in his possession or within his control which is part of his estate in bankruptcy?

On adjudication, title to the bankrupt's property became vested in the trustee (sections 21e, 70), with actual or constructive possession, and placed in the custody of the bankruptcy court, and the court may put the trustee in actual possession, where possession is withheld by the bankrupt or one not claiming adversely to him. This proposition is decisively settled in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. In that case the order was made against Nugent upon the ground that the property was in his possession as the bankrupt's agent. If the bankrupt had already been discharged, could Nugent have pleaded the discharge as a bar to the jurisdiction of the court to compel him to surrender property, the title to which was by law vested in, and which was in constructive possession of, the trustee, and in the custody of the bankruptcy court? Manifestly not, unless title in the trustee

lapses upon the discharge of the bankrupt. If title continues in the trustee, then, while the estate is still open, jurisdiction of the court to cause the estates of bankrupts to be collected, and to determine controversies relating thereto (section 2 [7]), is not to be rendered nugatory through the concealment by the bankrupt of his property, even though he be successful in continuing its concealment until by limitation of law he is freed of indebtedness to creditors and immune from criminal prosecution. He does not hold concealed property as a debt from which his discharge has freed him, but holds it without right against the trustee having title not divested by the bankrupt's discharge.

It follows that the bankrupt's discharge has not extinguished the power of the bankruptcy court to collect assets which are manifestly withheld through concealment, and that until the estate is technically closed the court has jurisdiction over the bankrupt and others having possession of the concealed property through summary proceedings, and may enforce its orders by appropriate process.

It is concluded: (1) That the certificate of the referee of February 4, 1918, declaring the estate closed is void and of no effect; (2) the original order of reference to the referee is valid, in force and effective; (3) the order of June 28, 1919, reversing the order of the referee will be vacated and set aside; (4) the trustee has leave to proceed by amended petition before the referee for an order upon the bankrupt to pay and turn over the money and property of the bankrupt estate in his possession or control to the trustee; (5) the case is referred back to the referee for further proceedings.

An order will be entered accordingly.