## LEVY v. SCHORR.

(Circuit Court of Appeals, Third Circuit. May 7, 1920.)

No. 2519.

1. **Bankruptcy ☞418(1)—Court has summary jurisdiction over bankrupt notwithstanding discharge.**

Notwithstanding a bankrupt's discharge, where the estate has never been technically closed, the bankruptcy court has summary jurisdiction to compel the bankrupt, by order, to surrender to the trustee property belonging to the estate, the existence of which was canceled or had not come to the knowledge of the trustee before discharge was granted.

2. **Bankruptcy ☞372—Estate not closed, though trustee discharged without final meeting of creditors and settlement of accounts.**

The estate of a bankrupt was never technically closed, and a discharge of the trustee was of no effect, where there was no final meeting of creditors and settlement of the trustee's accounts.

Petition for Revision and Review of Proceedings of the District Court of the United States for the Eastern District of Pennsylvania, in Bankruptcy; J. Whitaker Thompson, Judge.

In the matter of Abraham Levy, individually, and trading as A. Levy & Co., bankrupt; George J. Schorr, trustee. An order reversing an order of the referee was set aside on reargument, and the case referred back to the referee for further proceedings (261 Fed. 432), and the bankrupt brings a petition to revise and review the decree. Affirmed.

Jacob Weinstein and Maurice J. Speiser, both of Philadelphia, Pa., for petitioner.

Edwin I. Fischer, of Philadelphia, Pa., for respondent.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

PER CURIAM. [1] Aside from some contentions made on behalf of the bankrupt, which need no further comment than that we have considered them and find them without merit, the only question in this case is whether a bankrupt, who has received a discharge, which has not been and cannot be revoked, is thereafter subject to the summary jurisdiction of the bankruptcy court, in the sense that that court may by order compel the bankrupt to surrender to his trustee in bankruptcy property belonging to the estate in bankruptcy, the existence of which has been concealed or has not come to the knowledge of the trustee before the discharge was granted. The court below answered this question in the affirmative, and we think rightly so. The question has very recently been before the Circuit Court of Appeals of the Second Circuit in In re Margolies, 266 Fed. 203, —— C. C. A. ——, and there likewise received an affirmative answer. In the latter case, the decisions under the Bankruptcy Act of 1867 (14 Stat. 517, c. 176), which are relied upon by the bankrupt in this case, were examined and found inapplicable to the present Bankruptcy Act (Comp. St. § 9585 et seq.). As we are entirely satisfied that the rea-

soning of the Circuit Court of Appeals of the Second Circuit in the Margolies Case is sound, as is also that of the learned District Judge in this matter, we deem it unnecessary to reiterate or attempt to supplement the same. We may merely add that in our judgment, in view of the comprehensive jurisdiction conferred upon the bankruptcy courts by the present Bankruptcy Act, it is not reasonable to attribute to Congress an intention to disable a trustee in bankruptcy from availing himself of the summary jurisdiction and effective process of the bankruptcy court as against a bankrupt who has received his discharge and has succeeded in concealing, for the period limited by the statute for revoking a discharge, the existence of property which should have been surrendered.

[2] As was held by the court below, under the decision of this court in Clark v. Pidcock, 129 Fed. 745, 64 C. C. A. 273, the estate of this bankrupt was never technically closed, and a previous discharge of the trustee was of no effect, because there was no final meeting of the creditors and settlement of the trustee's accounts. Consequently the question as to whether a bankruptcy court may exercise the summary jurisdiction before mentioned over a bankrupt who has been discharged, when the estate has been properly closed, and then reopened because it is thereafter made to appear that it has not been fully administered, is not now before us; but we do not wish our silence on that question to be understood as approving a previous order (vacated by the order now under review) entered pursuant to an opinion rendered by the learned judge of the court below, to the effect that under the circumstances of this case no such jurisdiction could be exercised.

The order brought here for review is accordingly affirmed, with costs.