**In re RUBIN'S DEPARTMENT STORE, Inc.**

**METROPOLITAN LIFE INS. CO. v. RUBIN'S DEPARTMENT STORE, Inc.**

No. 5259.

Circuit Court of Appeals, Seventh Circuit.
Feb. 23, 1935.

Rehearing Denied March 12, 1935.

G. L. Dosland and M. I. Conner, both of Chicago, Ill., and C. Diver and P. Populorum, both of Waukegan, Ill., for appellant.

Maxwell L. Rubin and Sidney Rubin, both of Chicago, Ill., for appellee.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

On December 19, 1931, an involuntary petition in bankruptcy was filed against the appellee. Schedules were filed and a composition was offered, which, in due course, was, on March 17, 1932, accepted and confirmed. On that date the District Court, in addition to confirming the composition, ordered that distribution should be made by the clerk and that the referee "retain jurisdiction to pass on all claims." No further order appears in the record until, on November 3, 1932, appellant filed a petition for leave to make appellee a party defendant in its suit for foreclosure of a real estate mortgage. On the same day the court granted such leave. On March 16, 1934, appellee filed its petition to restrain appellant from obtaining a deficiency decree against it in the foreclosure proceedings. On March 17th the court entered a restraining order as prayed. On March 29th appellant filed an answer to appellee's petition and its petition to vacate the restraining order, in which appellant contended that the court had lost jurisdiction of the cause. Appellee filed its answer to the petition of appellant to vacate the order of March 17th, and, upon hearing on April 20, 1934, the court entered an order refusing to vacate the restraining order. This appeal followed.

Appellant contends that the court had lost jurisdiction of the subject-matter and the parties. This contention is based upon the proposition that the confirmation of the composition automatically put an end to the court's jurisdiction. Appellee contends that the case was never finally disposed of but remained within the court's jurisdiction.

Section 2 of the Bankruptcy Act, 11 USCA § 11, provides that the court shall have jurisdiction, among other matters, to "close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees." Section 55f, 11 USCA § 91 (f), provides that "whenever the affairs of the estate are ready to be closed a final meeting of creditors shall be ordered." Section 12e, 11 USCA § 30 (e), governing compositions is as follows: "(e) Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

Obviously, until distribution has been completed, the dismissal contemplated is not proper. Reading this section in conjunction with the sections above quoted, it is clear that, if there is a trustee, the estate shall not be finally closed until after approval of final accounts, and, where there is a composition completed without a trustee, the estate cannot be closed until there is approval of the report of distribution.

Thus in Clark v. Pidcock (C. C. A. 3) 129 F. 745 at page 749, it is said:

"On the 28th day of January, 1902, the referee made the final report above recited, that 'the estate of the bankrupt has been fully administered to my satisfaction, and so far as the same has been referred to me, it has been closed, and I herewith file my book of record of proceedings herein, and all papers filed with me.'

"It is true that from this date to March, 1903, when Lindabury filed his petition in the court below, a period of more than one year, no further proceeding was had. The estate, however, was not technically closed, because there was no final meeting of creditors or discharge of a trustee upon the settlement of his accounts."

And in Levy v. Schorr (C. C. A.) 266 F. 207, 208, the court said: "As was held by the court below, under the decision of this court in Clark v. Pidcock, 129 F. 745, 64 C. C. A. 273, the estate of this bankrupt was never technically closed, and a previous discharge of the trustee was of no effect, because there was no final meeting of the creditors and settlement of the trustee's accounts."

To the same effect is In re Levy (D. C.) 261 F. 432.

In the present record there appears no order finally closing the estate, no report of distribution, and no approval of such a report. Thus on the face of the record

the estate has never been closed and remains open for the exercise of all jurisdiction proper in bankruptcy proceedings. Furthermore, the last order with regard to administration discloses that the court expressly retained jurisdiction and by its express direction negatived any intent to close the estate. The words are: "It is further ordered that Harry A. Parkin, referee, retain jurisdiction to pass upon all claims." The referee, after references, is, under the provisions of the act, to all intents and purposes, the court of bankruptcy, limited only by the provisions as to review. It follows that to this day the estate has not been closed and that the court retains jurisdiction. Appellant, now denying jurisdiction, invoked action by the court, and thereby recognized its jurisdiction, when it filed its petition for leave to make appellee a party defendant.

The only question raised being whether the court had lost jurisdiction, the order must be affirmed.

FITZHENRY, Circuit Judge, concurs in the result.