In re GAMMON.

(District Court, N. D. Iowa, W. D. June 6, 1901.)

BANKRUPTCY—DISCHARGE—MAKING OF FALSE OATH.

    Where a voluntary bankrupt, prior to his bankruptcy, transferred all of his property to his wife on a claim that he was indebted to her, but in fact to place it beyond the reach of a creditor whose claim is still unpaid, and the property so transferred and still held by the wife at the time of the filing of his petition exceeded the amount which she had contributed to the family estate, his failure to schedule his equitable interest therein, and his making oath that he had no property, was the making of a false oath, which defeats his right to a discharge.

In Bankruptcy. On petition for discharge and specifications in opposition thereto.

H. A. Evans, for bankrupt.
Shirley Gilliland, for opposing creditor.

SHIRAS, District Judge. From the record in this case it appears that the petition in bankruptcy was filed on the 14th day of January, 1901, and from the schedules thereto attached it appears that, with the exception of $13.20, due for costs awarded in favor of one M. A. Clark, the only debt owing by the bankrupt is upon a judgment rendered in favor of George F. Frush, administrator of Hugh G. Gammon, under date of October 27, 1898, and for the sum of $8,046.03. It also appears from the schedules annexed to the petition that the bankrupt is not the owner of any property except his ordinary wearing apparel. From the examination of the bankrupt it appears that in 1898 the bankrupt, who was then engaged in farming, turned over to his wife all of his property, real and personal, and his evidence justifies the conclusion that the imminency of the judgment rendered in October, 1898, was the cause of such transfer. The bankrupt claims that he was indebted to his wife, and that he made the transfer to protect her. It further appears that when the parties were married, in 1884, the wife had $100 in money, and a horse and cow, that were used in the family, and at different times thereafter up to 1897 the wife received from her father and mother's estate other property and money, making in all the sum of $1,037. This property was treated as family property, and it does not appear that there was ever a bargain expressly made that the husband was to account to the wife therefor. No notes or other evidence of indebtedness were ever executed between the parties. When the claim in favor of the estate of Hugh G. Gammon was about to be put in judgment in Iowa, the bankrupt turned over to his wife all of his property, real and personal, and now claims that he has also given her the benefit of his services and labor for the past two years without remuneration to himself. The evidence of the bankrupt justifies the conclusion that the wife has received from the realty and personalty a sum equal to the whole amount she contributed to the family estate, and there is now on the premises occupied by the bankrupt personalty, in the shape of horses, cattle, hogs, farming implements, farm products, and the like, of a value

greater than that which it is claimed she received and placed in the hands of her husband. The evidence, taken as a whole, fairly justifies the conclusion that the bankrupt has a valuable interest in all this property, and that the transfer made to the wife was intended to protect the property against the claims of the creditor, even though it be true that the husband was indebted in some amount to the wife. Having an interest in this property, the failure to set it forth in the schedules, and in making oath that he had no property, is the making of a false oath of such a character as to defeat his right to a discharge, and the petition is therefore refused.