### In re GROVES.

#### (District Court, S. D. Florida. August 4, 1917.)

1. BANKRUPTCY ⚭417(4)—DISCHARGE—APPLICATION TO VACATE ORDER.
   An order discharging a bankrupt will not be set aside on application of a creditor who filed objections after the expiration of the time allowed, which had been enlarged for his benefit, and who had taken no evidence, although twice the time prescribed by the rules of court had elapsed when the discharge was granted, on the ground merely that his attorney was ignorant of the rules.

2. BANKRUPTCY ⚭418(1)—DISCHARGE—EFFECT ON RIGHTS OF TRUSTEE.
   The discharge of a bankrupt does not affect the right of his trustee to recover property fraudulently conveyed.

In Bankruptcy. In the matter of W. C. Groves. On petition to set aside order of discharge. Denied.

I. A. Zacharias, of Jacksonville, Fla., and Atkinson & Burdine, of Miami, Fla., for bankrupt.

Robert W. Barnes, of Macon, Ga., and Price & Eyles, of Miami, Fla., for petitioning creditor.

CALL, District Judge. On November 20, 1916, the bankrupt filed his petition to be adjudicated a bankrupt. The adjudication was duly made thereon, and referred to the referee.

On December 26, 1916, the bankrupt filed his petition for discharge, to which petition the Acme Ice & Bottling Company entered its appearance on January 19, 1917. On January 27, 1917, the creditor filed

its petition, asking that the time for filing specifications of objections to such discharge, and on the same day the time for filing such objections was enlarged, for the term of 30 days from January 30, 1917.

On March 10, 1917, such specifications of objection were filed. On April 30, 1917, a traverse was filed by the bankrupt. On July 3, 1917, an order was made by the court dismissing the specifications of objection to the discharge filed by the Acme Ice & Bottling Company and the Standard Distilling Company, on the ground that 90 days elapsed since the filing of the specifications, and no evidence was offered in support thereof, and on the same day an order of discharge was entered. On July 17, 1917, a petition was filed by the Acme Ice & Bottling Company praying that the two orders made July 3, 1917, be vacated, and petitioners be allowed to come in and produce testimony in support of its specifications. Upon this petition a rule nisi was issued, returnable August 2, 1917, upon which day the bankrupt made his return. The case was heard upon the petition to vacate and the return thereto.

Rule 110 of the District Court Rules provides that:

"Upon specifications of objection to a discharge in bankruptcy being filed, the bankrupt shall by the next rule day being more than twenty days from the date of the filing of said specifications, plead thereto, and upon issue being joined, said matter will stand referred to the referee in bankruptcy for the division of the district in which said cause is pending, as a special master to take the testimony and report the same to the judge, together with his findings of fact and law. That the objecting creditors have thirty days in which to take their testimony in chief, and the bankrupt have forty-five days in which to take testimony in reply, and the objecting creditors have fifteen days thereafter to take testimony in rebuttal. That no other or further time shall be allowed, except upon the written stipulation of the parties filed in said cause."

In the instant case the matter stood referred to the referee in bankruptcy upon the filing of the traverse, on April 30, 1917, and the time for the creditor to take its testimony commenced from that day, and more than 60 days had expired before the order sought to be vacated was made. The petition relies principally upon the fact that the attorney of the creditor having the matter of opposing the discharge particularly in charge resides in Macon, Ga., and was ignorant of the requirements of such rule above referred to, which automatically on filing the traverse sent the matter to the referee to take the testimony and report the findings of fact thereon.

[1] A bankrupt is entitled to a discharge unless one or more of the six grounds set out in section 14 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. 1916, § 9598]) are pleaded and sustained by proof, and the burden to do this rests upon the objecting creditor. The rule of pleading, as I understand it, requires the same certainty in the specifications of objections as in other pleadings; such certainty as will put the bankrupt on notice of what he is to meet. The specifications filed by the creditor in this case are divided into 21 heads, none of which meet the requirement, except possibly the twentieth ground, which does state an objection under section 14b (2). The ignorance of counsel of the rules of procedure of the court in which the case is pending cannot, except in extraordinary cases, be ground to vacate orders properly made in the case, and especially should this

not be done after time has been enlarged to the creditor to file such specifications, and those specifications filed after the expiration of the time allowed, and nothing done except the writing of one letter to the clerk of this court to ascertain the condition of the pleadings, and having associate counsel residing in this district. It would set a precedent that the court would not be willing to do that a litigant with counsel residing out of the district, having a resident associate counsel, should take entire charge of a phase of the litigation, and, when orders were duly made, come in by petition and have them vacated on showing that he had assumed charge of that phase, and through ignorance of the rules of court had allowed the time for maintaining the burden cast upon him to expire. This precedent would be too dangerous for this court to establish.

[2] Something was said in argument to the effect that the creditor would be deprived of the opportunity to collect his debt; but a little consideration will show the fallacy of this contention. No right of the trustee to recover any property of the bankrupt unlawfully or fraudulently conveyed is affected in the least by the discharge of the bankrupt. Subdivision 4 of section 14b of the act requires that in order to prevent the discharge the bankrupt must have done the inhibited act within four months, and the specifications nowhere allege the acts were done within four months of bankruptcy.

For the reasons above set forth, the petition to vacate will be denied.