## West Leechburg Borough *v.* Allegheny Township School Directors, Appellants.

Argued March 19, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*H. H. Fisher,* with him *Rabe F. Marsh,* for appellants. —The doctrine of res judicata applies in this case: Bolton v. Hey, 168 Pa. 418; Marsh v. Pier, 4 Rawle 273; Com. v. Kelly, 287 Pa. 139; Cavanaugh v. Buehler, 120 Pa. 441.

It is not necessary to give the Act of 1929, P. L. 642, an exclusively retroactive effect in this case: Lane v. Nelson, 79 Pa. 407; Shonk v. Brown, 61 Pa. 320; Weister v. Hade, 52 Pa. 474.

*Edward G. Bauer,* for appellees.—The doctrine of res judicata does not apply in this case: Woodburn v. R. R., 294 Pa. 174; Stonecipher v. Keane, 268 Pa. 540, 546; Casebeer v. Mowry, 55 Pa. 419.

It is necessary to construe the Act of April 24, 1929, P. L. 642, so as to give it an exclusively prospective effect when applied to the facts of this case: McFadden v. Lineweaver & Co., 297 Pa. 278; Erie v. Brady, 127 Pa. 169; Alba Twp., 35 Pa. 271; Com. v. Borough, 52 Pa. 391.

The provisions of the Act of 1929, are not applicable in this case: New Britain Boro. School Dist., 295 Pa. 478; Quinn v. County, 162 Pa. 55.

OPINION BY MR. JUSTICE FRAZER, April 14, 1930:

The Borough of West Leechburg was incorporated out of a part of Allegheny Township, Westmoreland County, by a decree of the court of quarter sessions of that county, dated January 30, 1928. Under sections 101 and 210 of the School Code of 1911, as originally enacted, the decree of incorporation carried with it the coincident creation of a separate school district, the classification of which and appointment of a board of school directors to be by decree of the court of common pleas. This autonomous origination of separate school districts had however been superseded at the date of the

borough's incorporation by the terms of the Act of May 20, 1921, P. L. 1023, amending section 101 of the School Code, by providing that approval of the State Council of Education should be had before a school district of the fourth class could be created. The record of the case before us reveals that such approval by the Council of Education was refused, and on September 30, 1928, Beatty, the duly elected tax collector of the new borough of West Leechburg, instituted proceedings under the Uniform Declaratory Judgments Act of 1923, and obtained a rule upon the School District of Allegheny Township, out of the territory of which the borough had been formed, and also upon the tax collector of the township, praying the court to declare the rights and status of Beatty to collect school taxes within the borough, levied by the school board of the township for the territory included in both the borough and the township. The court, in entering judgment for defendants, holds that the then existing school district coextends with "the territorial limits of the township, and includes the borough; that the creation of the Borough of West Leechburg did not unsettle, alter or make different Allegheny Township as a school district of the fourth class, and it necessarily follows that all school matters in the district, be they within or without the limits of the borough, shall be administered and governed by the school directors of Allegheny Township." To this decree no exceptions were filed and no appeal was taken.

Two weeks after the above decree was entered, declaring the nonexistence of a separate school district for the borough and the consequent legal inability of Beatty to collect school taxes, we held, in New Britain Borough School District, 295 Pa. 478, the Act of 1921, amending section 101 of the School Code, requiring approval by the State Council of Education of fourth-class school districts to be unconstitutional, as infringing on the rights of the citizens of New Britain Borough to vote for school directors.

On February 29, 1929, shortly after our decision in the New Britain Borough Case, the Borough of West Leechburg instituted the present proceeding, and obtained a rule upon the school directors of Allegheny Township to show cause why the court should not enter a decree showing the class to which the school district of the Borough of West Leechburg belongs and to appoint a board of school directors for the same. In their answer the directors of the township set up the former decree of the court in the action brought by Beatty, averring that as the decree there made had not been appealed from, the matter was res judicata.

In a brief opinion the court below stated, in effect, that under section 101 of the School Code, as it originally stood, the court had jurisdiction to decree classification and appoint a board of directors as coincident consequences of the decree by which the borough was incorporated in 1928; the amending Act of 1929, in force at that time and at the date of the entry of the decree in the Beatty Case, had changed the mode of creating separate school districts under circumstances existing in this instance, and by that change it lay with the State Council of Education, and not with the court, to say whether or not a separate school district existed in West Leechburg Borough. As the Council of Education had refused its approval, no school district existed in that borough under the Act of 1921, and the decree of the court in the Beatty Case was in accord therewith. But in the disposition of the present proceeding, the situation is different; the Act of 1921 having been declared unconstitutional previous to the institution of the present proceeding, the court below "must fall back on the aforesaid section [101] of the School Code of 1911 and amend [the] decree [of incorporation] in accordance therewith." The lower court accordingly entered an order dated December 3, 1929, amending the decree of incorporation to the effect that, by that decree, a separate fourth-class school district was created for the

Borough of West Leechburg, and appointed a school board to serve until their successors were chosen according to law. From that decree this appeal is taken.

Apparently in the course of the present proceedings in the court below appellants' counsel advanced the argument that, although the Act of 1921 was declared unconstitutional, the Act of April 24, 1929, P. L. 642, which amends sections 101, 106 and 210 of the School Code, and again, in effect, requires the approval of the State Council of Education for the creation of certain school districts, was in force when the court below in this action entered its final decree, and the decree should have been in accordance with its provisions. The learned court below rejected this contention and held that the law of 1929 operated prospectively and not retrospectively, and accordingly does not govern the case in hand.

In their statement of questions involved appellants ask us to declare whether the doctrine of res judicata applies here and whether the court below erred in giving an exclusively prospective effect to the Act of 1929.

As to the first proposition, the record before us sufficiently discloses that the doctrine of res judicata does not apply here. The elements of identity, the essential requirements to establish the claim that the matter in question in this case was adjudicated by the decree in the Beatty Case, are certainly lacking. There is no identity as to parties. In the first litigation, Beatty was plaintiff and the School District of Allegheny Township defendant. In the present case, to which Beatty is in no wise a party, the proceeding is brought by the Borough of West Leechburg against the School Directors of Allegheny Township, and the cause of action is wholly different. Beatty, as the duly elected tax collector of West Leechburg Borough, averred in his petition that the directors of the school district "comprising Allegheny Township and the Borough of West Leechburg," refused to allow him to collect the school tax for that district from the citizens residing in the

78

borough, and prayed the court to declare his right to perform that function.

In the present case, the Borough of West Leechburg, the sole plaintiff, averred that under the provisions of the School Code, as then in force, the borough possessed a separate school district and prayed the court below for a decree "showing the class of the school district to which such new district shall belong and [to] appoint a board of school directors." Here then the parties were not the same, nor was the subject matter of the actions identical: Siegfried v. Boyd, 237 Pa. 55; Hunt v. Snyder, 261 Pa. 257; Com. ex rel. v. Kelly et al., 287 Pa. 139. We are clearly of the opinion that, as the record shows, the doctrine of res judicata does not apply in this case.

As to the Act of April 24, 1929, P. L. 642, we are fully in accord with the court below in the conclusion that the act mentioned does not rule the present proceeding. By its own terms it is clearly prospectively operative, and necessarily refers to the school districts of the fourth class which may be created, or attempted to be created, in accordance with its provisions, subsequent to the date of its enactment; and consequently, we may add that the question of its conformity with the Constitution of the Commonwealth, a matter stressed with some insistence by appellee, does not at this time require our consideration.

Appellant's single assignment of error, directed against the final decree of the court below, is overruled and the decree affirmed at appellant's costs.