[Civ. No. 5105.   Third Appellate District.—July 7, 1934.]

HUBERT F. LAUGHARN, Trustee in Bankruptcy, etc., Appellant, v. FLORA G. CHAMBERLAIN et al., Respondents.

Franklin J. Cole and Cole & Sprague for Appellant.

Osborn & Burum for Respondents.

GANS, J., *pro tem.*—This is an action by the trustee in bankruptcy to set aside certain transfers of property; judgment having been entered against the trustee. He now from that judgment prosecutes this appeal.

On June 15, 1925, an automobile driven by Julia Van Winkle collided with a car operated by Ralph F. Pollock. As a result of the collision Mrs. Flora G. Chamberlain, mother of Julia Van Winkle, and a passenger in her car, was injured, as was also Pollock. On December 2, 1925, Pollock commenced an action against Julia Van Winkle and in June, 1927, recovered a judgment for $2,500 against her for the injuries and damages he sustained. The husband of Julia Van Winkle having died, she became entitled to certain exempt property and a one-third interest in the remainder of the estate. On June 2, 1925, she assigned and conveyed to her mother all of her interest in the estate, which in due course was finally distributed in accordance with this assignment to Flora G. Chamberlain, and the estate was closed in April, 1927. The assignment of the interest of Julia Van Winkle in the estate to her mother recited that it was made because Flora G. Chamberlain claimed damages against Julia Van Winkle "in consideration of the foregoing recitals and as a full and complete settlement of

any and all damages of any kind and nature'' received by said Flora G. Chamberlain.

On April 7, 1927, Julia Van Winkle executed a deed to her mother of the real property described in the suit and known as the Walnut Grove property. She acknowledged said deed on April 9th and recorded it on April 28, 1927. This property was being purchased by said Julia Van Winkle on contract and there was something like $440 unpaid thereon, the whole being worth about $1200.

On September 1, 1927, said Julia filed her petition in bankruptcy, showing no property at all, and applied for and had a discharge on September 10, 1928, over the objection of Pollock, who appeared and made formal objection. Said Pollock had filed his claim against said bankrupt in said bankrupt estate, it being the only claim filed, and it was in due course allowed.

This suit was filed to recover all of the property mentioned for the bankruptcy estate, the allegations being made that the conveyances were in fraud and without consideration and to evade payment to said Pollock of his said claim.

█ The first ground urged for reversal of said judgment is that the judge at the trial acted as counsel for one of the defendants, to wit, Flora G. Chamberlain, who was not in court, and appointed Julia Van Winkle, who was present in court and representing herself, to act as counsel for her, they representing that they were unable to employ and have counsel present. The judge did ask questions, make objections and rule on the same in behalf of said absent defendant, and did name Julia Van Winkle to appear for her mother, although said Julia Van Winkle is not a lawyer. It appeared from the statements that Flora G. Chamberlain was physically unable to be present.

An examination of the record discloses some irregularities perhaps, but none that will constitute prejudicial error. Nor does it appear that any of the objections urged to testimony, which were made and ruled on by the court, resulted adversely or to the prejudice of plaintiff. █ Bias and prejudice must appear clearly and this record does not show either. The court may on its own motion rule or strike out irrelevant and incompetent evidence, and it does not appear that any of the evidence to which objection was sustained was admissible or that such is the claim. Ap-

604

parently the whole objection is that the judge was biased. This does not appear.

The claim is made that the written assignment which recites a full consideration precludes either evidence or finding to the contrary. Consideration is always a matter of proof. While the writing is the best evidence of its contents, yet there is presented a conflict of evidence and it appears that the consideration was sufficient, being the recompense to the mother for her injuries, they being very severe and the mother crippled for life. There was a strong moral obligation resting upon the daughter towards her mother.

It is claimed that the mother had made no request for the assignment to her of the Walnut Grove property. There is some testimony that the matter was talked of between mother and daughter, but it is not necessary that a request be made.

It seems that the discharge in bankruptcy did not bar the action of the trustee. (Sec. 70–E of the Bankruptcy Act; *In re Groves,* 244 Fed. 197; *In re Gammon,* 109 Fed. 312; *In re Levy,* 261 Fed. 432; *In re Margolies,* 266 Fed. 203; *Friend* v. *Talcott,* 228 U. S. 27 [33 Sup. Ct. 505, 57 L. Ed. 718].)

Flora G. Chamberlain was obligated to pay some $440 to perfect title to the Walnut Grove property, and did this partly from her pension money. No suggestion or offer was made that this should be repaid to her. (10 Cal. Jur. 50.)

From an examination of this record we see no sufficient ground for a reversal. Accordingly, the judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.