Bennett, Trustee, Appellant, *v.* Erwin et al.

Argued December 2, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Richard P. Lott,* for appellant.

*Edward Lindsey,* with him *C. E. Bordwell* of *Bordwell & Eldred,* for appellees.

OPINION BY MR. JUSTICE BARNES, January 29, 1937:

The question here involved is whether the discharge of a bankrupt, upon the dismissal of objections of his trustee that the bankrupt had transferred his property in fraud of creditors, affects the right of the trustee, after the discharge, to proceed with a suit to set aside such transfers as fraudulent conveyances.

The plaintiff, as substituted trustee in bankruptcy of William J. Knupp, instituted this proceeding in equity to avoid certain conveyances of his property made by the bankrupt prior to the filing of a voluntary petition in bankruptcy. The bill, after reciting the conveyances in detail, alleged that they were made to the transferees without consideration, at a time when the bankrupt was insolvent, and with intent to hinder, delay and defraud his creditors. The transferees are named as defendants in the proceeding. It is averred that the defendants received and are holding the properties upon a secret trust for the benefit of the bankrupt. The bill prays that the conveyances be declared fraudulent, and the property be reconveyed to the plaintiff trustee.

The defendants, in their separate answers to the bill, admit the transfers, but deny fraudulent intent, the insolvency of William J. Knupp at the time of the several

transfers, and that they were made without a fair consideration.

When the application of the bankrupt for a discharge came before the United States District Court, it was opposed by the trustee upon the ground that the transfers made by the bankrupt (identical with those alleged in the bill) were fraudulent. The District Court, after hearing testimony upon this question, overruled the trustee's objections and granted the discharge. No appeal was taken from this order.

On September 10, 1935, prior to a consideration of the present case upon its merits, the bankrupt, who was joined as a defendant in this proceeding, was granted leave to file an amended answer to the bill. The amended answer avers the adjudication in bankruptcy, the application for discharge, the objection thereto by the trustee, and the granting of the discharge by the District Court. It asserts that the question of fraud in the transfers, having been raised and decided adversely to the trustee in the bankruptcy proceeding, is now res adjudicata with respect to the present case. The trustee thereupon filed preliminary objection to the amended answer in accordance with Equity Rule 55, and ordered the questions raised thereby upon the argument list. The court below concluded that the case was set down for hearing on bill and answer. It decided that the plea of res adjudicata was well taken, made findings of fact in favor of the defendants, and dismissed the bill. Exceptions of the trustee having been overruled, this appeal followed.

We are of opinion the learned court below erred in its application of the principle of res adjudicata. The order of the bankruptcy court granting the discharge is not res adjudicata with respect to this proceeding to set aside alleged fraudulent transfers of the bankrupt's property. This is true even though the District Court decided that the very transfers in question were not made with an intent to hinder, delay or defraud cred-

itors. Of this there can be no doubt. The issues involved in the two proceedings are not identical, and upon the same facts are susceptible of different determinations. The necessary elements which must be present to render a judgment obtained in a prior proceeding res adjudicata in a subsequent one have been stated many times by this Court. It was said by Mr. Justice BROWN, in *Siegfried v. Boyd,* 237 Pa. 55, (p. 59) ". . . to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." See also *Woodburn v. Pa. R. R. Co.,* 294 Pa. 174; *West Leechburg Boro. v. Allegheny Twp. Sch. Directors,* 300 Pa. 73; *Thommen v. Aldine Tr. Co.,* 302 Pa. 409. The required identity of conditions is not here present. The two proceedings differ radically in the thing for which suit is instituted. The suit by the trustee to set aside fraudulent transfers is brought for the purpose of recovering assets which rightfully belong to the bankrupt estate. The discharge proceeding is an application by the bankrupt for a release from his provable debts. Just as the issues vary, so do the proofs which are required. In the action to set aside a fraudulent conveyance the intention of the bankrupt is relatively immaterial; in the discharge proceeding it is all important.

When a trustee objects to a bankrupt's application for discharge, he does so in accordance with the provisions of the Act of Congress of July 1, 1898, c. 541, Sec. 14, 30 Stat. 550, as amended by Section 6 of the Act of May 27, 1926, c. 406, 44 Stat. 663, 11 U.S.C.A. 32. The portion of that section with which we are here concerned provides, inter alia, as follows: "(B) The judge shall hear the application for discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest . . . and discharge the

applicant unless he has . . . (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition transferred, removed, destroyed or concealed any of his property with intent to hinder, delay or defraud his creditors."

The federal courts in construing this section of the Bankrupcty Act have held that the "intent" which is required to defeat the bankrupt's application for discharge is an *actual fraudulent intent,* either proved or presumed as a matter of law. See *Sargent v. Blake,* 160 Fed. 57; *In re Julius Bros.,* 217 Fed. 3; *Feder v. Goetz,* 264 Fed. 619. It was said in the case of *In re Rice & Reuben,* 43 Fed. (2nd) 378, "A mere constructive fraud is not sufficient to defeat a discharge. The test is in the presence or absence of real fraud": Remington on Bankruptcy, Vol. 7, Sec. 3314 (4th Ed.).

In the present proceeding no such intent need be shown. The action which the trustee has here instituted is founded upon the provisions of Section 4 of the Act of May 21, 1921, P. L. 1045.* It will be seen that the Act by its terms dispenses with the necessity of proving actual fraudulent intent, where the conveyance is made "without a fair consideration."

Decisions of the federal and state courts, where the question has arisen, recognize the essential difference between the two proceedings, and have held that the discharge of the bankrupt has no bearing upon the right of the trustee to recover property fraudulently transferred: *In re Pierce,* 103 Fed. 64; *In re Groves,* 244 Fed. 197; *Matter of Levy,* 261 Fed. 432, affirmed sub nom; *Levy v. Schorr* (C.C.A. 3rd Cir.), 266 Fed. 207; *McMullen v. Zabawski,* 283 Fed. 552; *In re Iskovitz,* 13

---

* Section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, provides as follows (P. L. 1046): "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, *without regard to his actual intent,* if the conveyance is made or the obligation is incurred without a fair consideration."

Fed. (2nd) 473. The rule and reasons therefor are well expressed in *Rice v. Chapman*, 255 N. Y. Sup. 35 (p. 41): ". . . A discharge goes only to the remedy against the debtor personally; it does not cancel the debt, and therefore does not affect the right of a trustee or creditors of the bankrupt to have property previously transferred in fraud by the bankrupt applied to the payment of debts. . . . The discharge is personal to the bankrupt and does not release his fraudulent grantees from liability for the fraud committed by them, and in no way precludes the recovery of property of the estate thus fraudulently transferred: *Stephenson v. Bird*, 168 Ala. 363, 53 So. 92."

Not only are the issues dissimilar in the two proceedings we are considering, but the requirement of identity of parties is likewise lacking. The defendants here were not parties to the bankruptcy proceedings or to the granting of the discharge. There is no estoppel by a former adjudication because there is no identity of parties as well as subject matter: *Lightner's Appeal*, 187 Pa. 237; *Walker v. City of Phila.*, 195 Pa. 168. While it is true that the rule requiring an identity of parties is subject to the qualification that those in privity with parties to the record are likewise bound, no such privity existed between the bankrupt and his transferees. Plaintiff's bill challenges these defendants as transferees to show that they, as bona fide purchasers, gave a fair consideration for the properties conveyed to them: *Reehling v. Byers*, 94 Pa. 316; *Kichline v. Lobach*, 125 Pa. 295; *Amer. Tr. Co. v. Kaufman*, 287 Pa. 461; *Queen-Favorite B. & L. Assn. v. Burstein*, 310 Pa. 219.

We are convinced that granting the discharge adjudged nothing further than that affirmative proof has not been given establishing the existence of grounds for refusing the discharge, and it does not, in substance or effect, decide whether the bankrupt has fraudulently concealed assets from his trustee. Therefore it is not a

bar to a suit by the trustee, either in the federal or state courts, to recover property of the bankrupt fraudulently transferred to third persons: Collier on Bankruptcy, 13th Ed., Vol. 1, p. 596; Remington on Bankruptcy, 4th Ed., Vol. 7, Sec. 3430; *In re Margolies,* 266 Fed. 203; *Rice v. Chapman,* supra. For the reasons stated we have reached the conclusion that the court below improperly dismissed the bill.

A procedural matter merits brief discussion. The learned court below erred in considering any question other than the sufficiency of the plea of res adjudicata as set forth in the amended answer. It was error to proceed with the case as upon a hearing on bill and answer. The plaintiff did not, as is suggested, seek a judgment upon the pleadings, but sought only to have the question of law raised by the amended answer disposed of preliminarily to hearing. Therefore it was improper, under the circumstances, for the court below to make findings of fact, and they cannot stand. The plaintiff's objection by its terms was directed to the amended answer alone, and questioned the sufficiency of the plea of res adjudicata therein contained. For that purpose the truth of the allegations contained in the amended answer was admitted and nothing more. This cannot be construed as an admission of the allegations of the original answer. This method of pleading is prescribed by our Equity Rules 48 and 55. There being no averments of new matter in the original answer, the plaintiff was under no obligation to reply to explanatory allegations contained in the amended answer: Equity Rule 52. In fact, he was forbidden to do so by Equity Rule 15. Plaintiff was not called upon to do more than meet the legal question presented by the amended answer.

Judgment is reversed, bill re-instated and a procedendo awarded.