## KEATES v. REGISTER et al.

### Civ. A. No. 6616.

District Court, E. D. Pennsylvania.

Dec. 8, 1947.

Harry A. Takiff and Myron Jacoby, both of Philadelphia, Pa., for plaintiff.

George P. Williams, Jr., and Orr, Williams & Baxter, all of Philadelphia, Pa., and Ralph L. Lindenmuth, of Media, Pa., for defendants Francis C. and Anna J. Register.

Solomon L. Hagy, of Media, Pa., for defendants James C. and Anna W. Stanton.

BARD, District Judge.

This is an action to set aside an alleged fraudulent conveyance of a parcel of real estate.

On the basis of the pleadings and the testimony adduced at the trial of this cause, I make the following special.

### Findings of Fact.

1. On November 7, 1941 and approximately eight years prior thereto, James C. Stanton and Anna W. Stanton, his wife, together with their sons, Robert T., Ervin D., and John, resided at 405 Church Lane, Yeadon, Delaware County, Pennsylvania. James C. Stanton and Anna W. Stanton were lessees of these premises.

2. Several months prior to November 7, 1941, 405 Church Lane, Yeadon, was offered for sale, and an offer for its purchase was submitted in the name of Robert T. Stanton. This offer was supported by two cash deposits in the total sum of $300.

3. Prior to November 7, 1941, the offer for the purchase of 405 Church Lane was declined, and the $300 deposit was returned.

4. On or about November 7, 1941, an agreement of sale for the purchase of the premises 312 Providence Road, Aldan, Delaware County, Pennsylvania, was entered into by and between William C. Pickett and Margaret R. Pickett, his wife, as sellers, and Robert T. Stanton as purchaser. The purchase price for these premises was $4500.

5. The down money in the aforesaid agreement of sale was $700. Robert T. Stanton delivered this amount in several instalments to the office of William C. Pickett and Company, which acted as the sellers' agent.

6. A mortgage was secured in the amount of $3600 on the property. James C. Stanton, the father, was added as a party to this mortgage at the suggestion of the lending institution, inasmuch as Robert T. Stanton was not considered by that institution to be a satisfactory mortgagor because of the latter's possible imminent induction into the armed forces of the United States.

7. On November 7, 1941, Robert T. Stanton was employed by the Pennsylvania Railroad Company. On and prior to July 16, 1941, he was employed by a drug concern at a salary ranging between $22.50 and $27.50 per week.

8. On and prior to November 7, 1941, the average annual earnings of James C. Stanton approximated $2380.

9. On and prior to November 7, 1941, Robert T. Stanton contributed between $5 and $10 per week to his parents for his board and lodging.

10. Robert T. Stanton was born on April 21, 1919.

11. On February 17, 1942, settlement was held with respect to the purchase of the premises 312 Providence Road. The sum of $376.09 was necessary to complete settlement, in addition to the $3600 mortgage and the previous down money of $700. This sum of $376.09 was tendered by Robert T. Stanton, and a deed to the property was delivered wherein William C. Pickett and Margaret R. Pickett, his wife, were grantors, and Robert T. Stanton and James C. Stanton were the grantees. This deed was recorded in the Delaware County Office for the Recording of Deeds on February 24, 1942.

12. The premises 312 Providence Road had been occupied between November 7, 1941, the date of the agreement of sale, and February 17, 1942, the date of settlement, by James C. Stanton and Anna W. Stanton, and their sons, Robert T., Paul R., and Ervin D., under an arrangement whereby the sum of $25 per month rental was paid to the prospective grantors. The monthly rental payments were tendered by Robert T. Stanton.

13. By deed bearing the date February 20, 1942, Robert T. Stanton, James C. Stanton and Anna W. Stanton, wife of James C. Stanton, conveyed the premises 312 Providence Road to James C. Stanton and Anna W., his wife, in fee simple, absolutely, as tenants by the entireties. This deed was acknowledged by Robert T. Stanton before a notary public on February 22, 1942. The deed was acknowledged by James C. Stanton and Anna W. Stanton, in their capacity as grantors, on November 10, 1942. The deed was recorded in the Delaware County Office for the Recording of Deeds on March 30, 1944.

14. No consideration was paid to Robert T. Stanton or James C. Stanton and Anna W., his wife, in their capacities as grantors in the above said deed for the conveyance of the premises 312 Providence Road.

15. The deed dated February 20, 1942 was immediately delivered by Robert T. Stanton to his parents, James C. Stanton and Anna W. Stanton, after the execution thereof by Robert T. Stanton on February 22, 1942.

16. Robert T. Stanton was married on March 6, 1943 and removed from the premises 312 Providence Road immediately thereafter.

17. On September 18, 1944, and again on September 27, 1944, Myron Jacoby, Esquire, an attorney practicing in the City and County of Philadelphia, Pennsylvania, on behalf of B. D. Prince, assignee of the Secretary of Banking of the Commonwealth of Pennsylvania, a judgment creditor of James C. Stanton and Anna W. Stanton, made written demands by letter upon James C. Stanton and Anna W. Stanton for the payment of this claim. These letters were deposited in a United States Post Office and were received by James C. Stanton and Anna W. Stanton.

18. On September 28, 1944, James C. Stanton and Anna W. Stanton conveyed the premises 312 Providence Road to Francis C. Register and Anna J. Register, his wife, by deed which was recorded in the Delaware County Office for the Recording of Deeds on September 30, 1944. No consideration was paid to the grantors in this deed, and the grantees thereof are the son-in-law and daughter, respectively, of the grantors.

19. On September 28, 1944, James C. Stanton and Anna W. Stanton were insolvent and unable to meet the demands of their creditors as they matured.

20. On April 3, 1945, James C. Stanton and Anna W. Stanton, jointly and individually, were duly adjudged bankrupt pursuant to a voluntary petition filed by them in the United States District Court for the Eastern District of Pennsylvania.

21. On September 28, 1944, the date they acquired title to 312 Providence Road, Francis C. Register and Anna J. Register resided at 221 Wynnewood Avenue, Lansdowne, Pennsylvania, where they continued to reside until on or about June 20, 1946, when they moved into the premises 312 Providence Road, where James C. Stanton and Anna W. Stanton have resided continuously from on or about November 7, 1941, until the date of the present hearing.

22. On July 19, 1946, Francis C. Register and Anna J. Register paid off the balance of the mortgage on the premises 312 Providence Road in the amount of $2683.73. Payment was made by check signed by Anna J. Register. Before the balance of the mortgage was paid off, Anna J. Register consulted an attorney in order to ascertain whether there was any valid reason why the mortgage should not be paid off, and she was advised in the negative.

### Discussion.

The controversy in the instant case surrounds the conveyance of the premises 312 Providence Road on September 28, 1944 from James C. Stanton and Anna W. Stanton, his wife, to Francis C. Register and Anna J. Register, his wife.

The plaintiff, who is the trustee in bankruptcy of James C. and Anna W. Stanton, seeks to have this conveyance set aside. He claims that the conveyance was fraudulent under the Pennsylvania Act of May 21, 1921, P.L. 1045 § 4, 39 P.S. § 354. This Act provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

The plaintiff has shown that in this conveyance from the Stantons to their son-in-law and daughter, no consideration passed from the grantees to the grantors. He has further shown that on September 28, 1944, the date of the conveyance, James C. Stanton and Anna W. Stanton were insolvent, and were unable to meet the demands of their creditors as they matured.

Upon proof of these facts, the plaintiff was entitled to have the conveyance set aside. He was not required to show any actual intent to defraud on the part of the Stantons. Angier v. Worrell, 346 Pa. 450, 31 A.2d 87; Bennett v. Erwin, 325 Pa. 330, 189 A. 675, 109 A.L.R. 422; Fidelity Trust Company v. Union National Bank, 313 Pa. 467, 169 A. 209.

In order to avoid the effect of the Act of May 21, 1921, supra, the defendants attempted to prove that the premises 312 Providence Road had been held by James C. Stanton and Anna W. Stanton from February 20, 1942 until September 28, 1944, as trustees for certain of their children. It is because of this contention that I have outlined, in the findings of fact, the various circumstances surrounding the original ac-

quisition of these premises on February 17, 1942 by Robert T. Stanton and his father, James C. Stanton; and the subsequent conveyance on February 20, 1942 from Robert T. Stanton, James C. Stanton and Anna W. Stanton to James C. Stanton and Anna W. Stanton.

■ No written declaration of trust was ever executed with respect to the premises 312 Providence Road. At the trial of this case, the defendants attempted to establish by parol evidence that the parents, James C. Stanton and Anna W. Stanton, were at no time the beneficial owners of the premises; and that they in fact merely held the legal title for the benefit of their children. It is well settled that evidence relied upon to establish a parol trust must be clear, precise, convincing and satisfactory to the conscience of the Court. Gates v. Keichline, 282 Pa. 584, 128 A. 490; Dorr v. Leippe, 286 Pa. 17, 132 A. 806; Bigley v. Jones, 114 Pa. 510, 7 A. 54; Olinger v. Shultz, 183 Pa. 469, 38 A. 1024. In the instant case the defendants' evidence is obscure, contradictory, unconvincing, and thoroughly unsatisfactory. It is not my purpose here to dwell upon the many manifest inconsistencies and contradictions in defendants' testimony; suffice it to say that, after a careful consideration of the record, I am convinced that the defendants' evidence does not meet the requirements which the law has laid down for establishing a trust with respect to the premises 312 Providence Road.

It is true, and I have found as a fact, that the moneys which were tendered up to and including February 17, 1942, in connection with the original acquisition of the premises, were tendered by Robert T. Stanton, the son of the defendants James C. Stanton and Anna W. Stanton. However, in view of the circumstances attending the acquisition of the property, and subsequent developments with respect to the property which I have outlined in my findings of fact, I am satisfied that the defendants James C. Stanton and Anna W. Stanton were in fact the persons who furnished the money for the acquisition of this property.

■ There was evidence that certain of the other children of James C. Stanton and Anna W. Stanton, during the periods of their services in the armed forces, sent money home to their parents, which money was applied toward the carrying charges on the property. Assuming that this evidence is true, it is nevertheless not inconsistent with beneficial ownership of the property in the parents.

■ My conclusion is that the conveyance of the premises 312 Providence Road on September 28, 1944 from the defendants James C. Stanton and Anna W. Stanton to Francis C. Register and Anna J. Register was fraudulent as to the creditors of James C. Stanton and Anna W. Stanton; and that the conveyance must therefore be set aside. However, I think that the defendants Francis C. Register and Anna J. Register are entitled to an equitable interest in the amount of $2683.73 in that property. This amount represents the balance of the mortgage on the premises which was paid off by the Registers on July 19, 1946. The payment was made after Anna J. Register had sought and obtained the advice of counsel with respect thereto. Although the defendants Francis C. Register and Anna J. Register may have had knowledge of the fact that conveyance to them was made at a time when James C. Stanton and Anna W. Stanton were insolvent, I am not prepared to say, on the basis of the evidence before me, that the Registers' payment of the balance of the mortgage was in active furtherance of any fraud upon the creditors of James C. Stanton and Anna W Stanton.

### Conclusions of Law.

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. The premises 312 Providence Road. Aldan, Delaware County, Pennsylvania, are not now, and never have been, impressed with a trust in favor of any or all of the children of James C. Stanton and Anna W. Stanton.

3. The conveyance of the premises 312 Providence Road, Aldan, Delaware County, Pennsylvania, by James C. Stanton and

Anna W. Stanton, his wife, on September 28, 1944, was and is null and void, and will be set aside.

4. The premises 312 Providence Road, Aldan, Delaware County, Pennsylvania, will be conveyed in fee simple to the plaintiff; subject however to a mortgage in the amount of $2683.73 in favor of Francis C. Register and Anna J. Register, his wife.

5. A decree may be submitted in accordance with the foregoing opinion.